CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
5/22/2018
JULIA C. DUDLEY, CLERK
BY: S/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| ATLANTIC COAST PIPELINE, LLC, | CASE NO. 5:18–CV–00016 |
| *Plaintiff,* | |
| v. | MEMORANDUM OPINION |
| 6.71 ACRES, MORE OR LESS, IN AUGUSTA COUNTY, VIRGINIA, *ET AL.*, | JUDGE NORMAN K. MOON |
| *Defendants.* | |

This matter is before the Court on Defendants' motion for just compensation. (Dkt. 32). This case was previously dismissed by Plaintiff Atlantic Coast Pipeline pursuant to Federal Rules of Civil Procedure 41(a)(1)(A)(i) and 71.1(i)(1)(A).[1] (Dkts. 30–31). Defendants contend that dismissal under Rule 71.1(i)(1)(A) was improper because Plaintiff had, without permission or court order, allegedly used an access road on Defendants' property during the proceedings.[2] Defendants argue this alleged use constitutes "possession" under the Rule and precludes dismissal until after just compensation is awarded for that taking. *See* Fed. R. Civ. P. 71.1(i)(1)(C). Thus, the issue before the Court is a narrow one: whether a plaintiff's unauthorized use of a defendant's property during a Rule 71.1 proceeding is considered taking "possession" under Rule 71.1(i)(1)(C). Under Rule 71.1, "possession" means the exercise of control over land pursuant to a legal right. Because Plaintiff did not have a legal right to be on the land when it

---

[1] Plaintiff has subsequently re-filed a condemnation action against Defendants. *See Atlantic Coast Pipeline, LLC v. 9.71 Acres, more or less, in Augusta County, Virginia, et al.*, No. 5:18-cv-00060 (W.D. Va. Apr. 4, 2018).

[2] The parties have filed conflicting affidavits regarding whether Plaintiff made unauthorized use of Defendants' property. (Dkts. 23-1, 33-1). Defendants have also provided photographic evidence of a sign that was allegedly placed on Defendants' property by Plaintiff—which Plaintiff contends was not on Defendants' property, put up in error, and was subsequently taken down. (Dkt. 23-1 at ECF 5). These factual disputes, however, do not preclude the Court from finding Defendants' position fails as a matter of law.

-1-

allegedly used the access road, I find it could not have taken "possession" within the meaning of Rule 71.1. Therefore, I will deny Defendants' motion.

## I.  Federal Rule of Civil Procedure 71.1(i)

Under Federal Rule of Civil Procedure 71.1(i), a condemnation action can be dismissed in one of three ways: by plaintiff, by stipulation, or by court order. *See* Fed. R. Civ. P. 71(i)(1)(A)–(C). Under subsection (A): "If no compensation hearing on a piece of property has begun, and if the plaintiff has not acquired title or a lesser interest or taken possession, the plaintiff may, without a court order, dismiss the action as to that property by filing a notice of dismissal briefly describing the property." Fed. R. Civ. P. 71(i)(1)(A). Additionally, the action can be dismissed by stipulation, and without a court order, "before a judgment has been entered vesting the plaintiff with title or a lesser interest in or possession of the property." Fed. R. Civ. P. 71.1(i)(1)(B). In contrast, under subsection (C):

> At any time before compensation has been determined and paid, the court may, after a motion and hearing, dismiss the action as to a piece of property. But if the plaintiff has already taken title, a lesser interest, *or possession* as to any part of it, the court must award compensation for the title, lesser interest, or possession taken.

Fed. R. Civ. P. 71.1(i)(1)(C) (emphasis added). *See, e.g., Columbia Gas Transmission Corp. v. An Easement to Construct, Operate & Maintain a 24-Inch Gas Transmission Pipeline*, No. CIV. 3:07CV00028, 2009 WL 1489935, at *2 (W.D. Va. May 26, 2009) ("[B]ecause [the pipeline] had already taken possession of the easements described in the original Complaint by the date of the pretrial hearing," pursuant to *E. Tennessee Nat. Gas Co. v. Sage*, 361 F.3d 808 (4th Cir. 2004), "dismissing the action under Rule 71.1(i)(1)(A) was not a possibility.").

## II.  Discussion

The relief Defendants seek rises and falls with the meaning of the word "possession" in Rule 71.1. Due to the generally "undeveloped state of case law under Rule 71.1 and its

predecessor Rule 71A . . . ,'" this remains an open question without binding or persuasive authority to lead the way. *Columbia Gas Transmission Corp.*, 2009 WL 1489935, at *2. Thus, the Court interprets the word, and the Rule, using traditional canons of construction.

"Interpreting a Federal Rule of Civil Procedure is no different from interpreting a statute." *Robinson v. G D C, Inc.*, 193 F. Supp. 3d 577, 579 (E.D. Va. 2016) (citing *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 376 (2013) (interpreting Rule 54(d)(1) using a traditional canon of statutory construction)). "[T]he starting point for interpreting a [Rule] is the language of the [Rule] itself." *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980). "[U]nless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *Perrin v. United States*, 444 U.S. 37, 42 (1979). This includes interpreting the relevant word "not in a vacuum, but with reference to the [Rule's] context, 'structure, history, and purpose' . . . not to mention common sense . . . ." *Abramski v. United States*, 134 S. Ct. 2259, 2267 (2014) (quoting *Maracich v. Spears*, 570 U.S. 48, 76 (2013)).

The word "possession" does not hold one universal meaning in all contexts. The Federal Rules of Civil Procedure do not define the word. And Black's Law Dictionary provides little clarity:

> 1. The fact of having or holding property in one's power; the exercise of *dominion* over property. 2. The *right* under which one may exercise control over something to the exclusion of all others; the continuing exercise of a claim to the exclusive use of a material object. . . .

*Possession*, BLACK'S LAW DICTIONARY (10th ed. 2014) (emphasis added). Under the first definition, unauthorized use of the access road, an exercise of "dominion" over the property, would be considered "possession" under the Rule. Under the second definition, unauthorized use of the access road, an act taken without an exclusive "right" of possession, could not be

"possession" under the Rule. In sum, the true meaning of the word can vary based on its context.³

When a single word can be used "in many contexts and with various shades of meaning, . . . [t]he maxim *noscitur a sociis*, that a word is known by the company it keeps, while not an inescapable rule, is often wisely applied . . . ." *Jarecki v. G. D. Searle & Co.*, 367 U.S. 303, 307 (1961). "This rule we rely upon to avoid ascribing to one word a meaning so broad that it is inconsistent with its accompanying words . . . ." *Gustafson v. Alloyd Co.*, 513 U.S. 561, 575 (1995).

In Rule 71.1(i)(1)(C), the words immediately surrounding "possession" demonstrate that the word denotes the exercise of control over land pursuant to a legal right. The Rule states: "But if the plaintiff has already taken title, a lesser interest, or possession as to any part of it, the court must award compensation for the title, lesser interest, or possession taken." Fed. R. Civ. P. 71.1(i)(1)(C). "Possession" is the last word in a list of words that all refer to legal property rights. *See Title*, BLACK'S LAW DICTIONARY (10th ed. 2014) ("The union of all elements (as ownership, possession, and custody) constituting the *legal right* to control and dispose of property; the legal link between a person who owns property and the property itself . . . ." (emphasis added)); *Interest*, BLACK'S LAW DICTIONARY (10th ed. 2014) ("A legal share in something; all or part of *a*

---

³ Other dictionaries affirm this ambiguity. For instance, Ballentine's Law Dictionary similarly includes the tension between rightful and wrongful exercise of control over land in its definition. *See Possession*, BALLENTINE'S LAW DICTIONARY (3d ed. 2010) ("Occupancy and exercise of dominion over property. The exercise of dominion over land, even without a residence thereon. A holding of land legally by one's self or through another, such as a lessee, under title, estate, or interest of any kind."); *see also Possession,* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY: UNABRIDGED (3d ed. 1976) ("[T]he act or condition of having in or taking into one's control or holding at one's disposal . . . . [A]ctual physical control or occupancy of property by one who holds for himself and not as a servant of another without regard to his ownership and who has legal rights to assert interests in the property against all others having no better right than himself.").

*legal or equitable claim to or right in property*." (emphasis added)). Therefore, the word "possession" should be read not as the naked exercise of dominion over land, but rather as the legitimate exercise of control over land clothed in legal rights.[4]

What is more, the act alleged here, essentially a claim of trespass, cannot be considered "possession" under Rule 71.1. Under Virginia law, "[a] trespass is an unauthorized entry onto property which results in interference with the property owner's possessory interest therein." *Cooper v. Horn*, 448 S.E.2d 403, 406 (Va. 1994) (quotations and citations omitted). "[A] plaintiff must prove an invasion that interfered with the *right of exclusive possession* of the land, and that was a direct result of some act committed by the defendant." *Id.* (emphasis added). Stated differently, a trespass involves the invasion—not the taking—of someone else's exclusive right to possession. Accordingly, because a trespass is by its very nature an action taken without a legal right, it cannot give rise to "possession" as that term is used in Rule 71.1.

A contrary conclusion would also undermine other aspects of the Rule. "The purpose of Rule [71.1] is to provide a uniform procedure for condemnation in the federal district courts . . . ." Fed. R. Civ. P. 71.1, advisory committee's note to 1951 supplemental report; *see also* Fed. R. Civ. P. 71.1(a). Rule 71.1 does not permit other motions, pleadings, or counterclaims that would otherwise impede that narrow aim. Fed. R. Civ. P. 71.1(e)(3); *Kansas Pipeline Co. v. 200 Foot by 250 Foot Piece of Land*, 210 F. Supp. 2d 1253, 1258 (D. Kan. 2002) ("The [landowners] must file their counterclaims in a separate action."). Here, allowing a claim for trespass to be litigated in a Rule 71.1 proceeding would be inconsistent with the meaning of

---

[4] This interpretation is further confirmed by the how the word "possession" is used elsewhere in Rule 71.1. For example, subsection (B) begins by stating: "Before a judgment is entered vesting the plaintiff with . . . possession of property . . . ." Fed. R. Civ. P. 71.1(i)(1)(B). "Possession" under subsection (B) is used in conjunction with a judgment "vesting" such possession. This is right-creating language that further colors the meaning of the word "possession" in Rule 71.1.

the word "possession" in subsection (i)(1)(C) and the Rule's blanket prohibition on counterclaims. Because one does not find "elephants in mouseholes," *Whitman v. Am. Trucking Associations*, 531 U.S. 457, 468 (2001), the word "possession" does not open the door to litigating a class of counterclaims otherwise forbidden under the Rule.

### III. Conclusion

For the reasons stated above, Defendants' motion for just compensation will be denied.[5]

The Clerk is directed to send a certified copy of this memorandum opinion and accompanying Order to all counsel of record.

Entered this 22nd day of May, 2018

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[5] The Court's judgment on this matter does not in any way address the merits of any possible state law claims Defendants may or may not have against Plaintiff for the alleged conduct that transpired.